[FILED]

RECEIVED

2001 APR 24 A 8 12

P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DIST. ALA

APR 3 0 2001

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
    )
    )
    Plaintiff, )
    )    CIVIL ACTION NO.
v.   )    2000-C-341-N
    )
SEARCY and SARA BATTLE d/b/a )
BATTLE'S TRAVEL STOP AND SARA'S CAFÉ )
    )
    Defendant. )
_____)

## CONSENT DECREE

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e et seq., guarantees workers that they will be free from employment discrimination on the basis of sex, including pregnancy.

On March 22, 2000, the Equal Employment Opportunity Commission ("EEOC") filed suit in this court against Searcy and Sara Battle d/b/a Battle's Travel Stop and Sara's Café. The EEOC's Complaint alleged that Searcy and Sara Battle d/b/a Battle's Travel Stop and Sara's Café had discriminated against Mary Hebner Larney by discharging her because she was pregnant.

Searcy and Sara Battle d/b/a Battle's Travel Stop and Sara's Café denied in substance that they had discriminated against Mary Hebner Larney.

**EOD** 4/30/01

### I. GENERAL PROVISIONS

The Plaintiff and Defendant are desirous of settling this action by Consent Decree and agree

to the jurisdiction of this court concerning all issues involving the violations alleged in the Complaint.

This Decree, being entered with the consent of the EEOC and Searcy and Sara Battle d/b/a Battle's Travel Stop and Sara's Café, shall not constitute an adjudication or finding on the merits of the case and shall in no manner be construed as an admission by Searcy and Sara Battle d/b/a Battle's Travel Stop and Sara's Café of any violation of Title VII of the Civil Rights Act of 1964, as amended, or other applicable federal law.

This Decree is binding upon the EEOC and Searcy and Sara Battle d/b/a Battle's Travel Stop and Sara's Café as to the issues resolved, as well as upon their successors and assigns and persons in privity. The issues resolved by this Decree are those which were alleged in the Charge of Discrimination numbered 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 and asserted in the Complaint in the above styled lawsuit.

The Court being fully advised of the premises doth Order, Adjudge and Decree as follows:

## II. SPECIFIC PROVISIONS

A.  This Court has full jurisdiction to decide this controversy as to the EEOC and Searcy and Sara Battle d/b/a Battle's Travel Stop and Sara's Café. This Court will retain jurisdiction for the next three months for purposes of compliance with this Decree and entry of such further orders as may be necessary to effectuate the purposes of this Decree. It is expressly agreed by the parties that the Court shall retain jurisdiction to enforce this Consent Decree pursuant to *Kokkonen v. Guardian Life Ins., Co. Of America*, 511 U.S. 375, 114 S. Ct. 1673 (1994). This Decree shall expire by its own terms three months after its execution.

B.  Searcy and Sara Battle d/b/a Battle's Travel Stop and Sara's Café will pay Mary Hebner Larney the sum of Five Thousand Dollars ($5,000.00) as a monetary settlement of this lawsuit and any

claims arising out of EEOC Charge number 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. As a condition for receiving the monetary relief provided for herein, Mary Hebner Larney shall sign a Release as to any and all claims arising out of the underlying Charge and this lawsuit.

C. Searcy and Sara Battle d/b/a Battle's Travel Stop and Sara's Café shall not retaliate in any manner against Mary Hebner Larney or any person who participated in this lawsuit or in the investigation of the Charge underlying this lawsuit.

D. Searcy and Sara Battle d/b/a Battle's Travel Stop and Sara's Café has asserted that it is its policy to provide in response to a reference request, only the dates of employment and the job that the employee held. Searcy and Sara Battle d/b/a Battle's Travel Stop and Sara's Café will respond to all requests for reference and inquiries concerning Mary Hebner Larney by providing only the dates of employment and the jobs that Mary Hebner Larney held. This provision survives the expiration of this Decree.

E. The EEOC agrees that it will not bring any further action against Searcy and Sara Battle d/b/a Battle's Travel Stop and Sara's Café for any allegations which are the subject of the Charge of Discrimination No. 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 or the present Complaint, except the EEOC shall not be prohibited by this provision from proceeding against Searcy and Sara Battle d/b/a Battle's Travel Stop and Sara's Café for non-compliance with any provision of this Decree.

F. Each party shall be responsible for its own attorney's fees and costs.

If the terms and conditions of this Decree are violated or breached, the parties may petition the Court for further Orders, adjudication and relief in this matter.

3

SIGNED and ORDERED this __27th__ day of __APRIL__, 2001.

                                              UNITED STATES MAGISTRATE JUDGE

**By Consent:**

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Gwendolyn Young Reams
Associate General Counsel

Equal Employment Opportunity Commission
1801 "L" Street, Northwest
Washington, D.C. 20507

_____
Charles E. Guerrier (OH 0023546)
Regional Attorney

_____
Mildred Byrd (LA 03741)
Supervisory Trial Attorney

_____
J. Mark Graham (LA 06216)
Senior Trial Attorney

Equal Employment Opportunity Commission
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, AL 35205
Telephone: (205) 731-1172

4

**SEARCY AND SARA BATTLE**
**D/B/A BATTLE'S TRAVEL STOP AND SARA'S CAFÉ**

*Searcy W. Battle*
Searcy W. Battle

*Sara Battle*
Sara Battle

*James D. Smith*
Mr. James D. Smith, Esq. (SMI032)
Law Offices of James D. Smith
P. O. Box 020283
Tuscaloosa, AL 35402-0283
Telephone: (205) 759-4004

5

CIVIL APPEALS CHECKLIST

1. <u>Appealable Orders</u>: Courts of Appeals have jurisdiction conferred and strictly limited by statute:
   <u>Appeals from Final Orders Pursuant to 28 U.S.C. § 1291</u>: Only final judgments for orders of district courts (or final orders of bankruptcy courts which have been affirmed by a district court under 28 U.S.C. § 158) usually are appealable. A "final" order is one which ends the litigation on its merits and leaves nothing for the district court to do but execute the judgment. A magistrate's report and recommendation is not usually final until judgment thereon is entered by a district court judge. <u>Compare</u> Fed.R.App.P. 5.1, 28 U.S.C. § 636(c).

   In cases involving multiple parties or multiple claims, a judgment as to fewer than all parties or all claims is not a final, appealable decision. Fed.R.Civ.P. 54(b) does permit the district court to expressly direct entry of the judgment as fewer than all of the claims or parties. See Pitney Bowes, Inc. v. Mestre, 701 F.2d 1365, 1369 (11th Cir. 1983), <u>cert</u>. <u>denied</u> 464 U.S. 893 (1983). Certain matters, such as attorney's fees and costs, are collateral and do not affect the time for appealing from the judgment on the merits. Buchanan v. Stanships, Inc., 495 U.S. 265, 108 S.Ct. 1130, 99 L.Ed 2d 289 (1988); Budinich v. Becton, 485 U.S. 196, 108 S.Ct. 1717, 100 L.Ed 2d 178 (1988).

   <u>Appeals Pursuant to 28 U.S.C. § 1292(b) and FRAP 5</u>: The certificate specified in 28 U.S.C. § 1292(b) must be obtained before an application for leave to appeal is filed in the Court of Appeals. Denial or refusal by the district court to issue the certificate is not itself appealable.

   <u>Appeals Pursuant to 28 U.S.C. § 1929(a)</u>: Pursuant to this statute, appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." This statute does not permit appeals from temporary restraining orders.

   <u>Appeals pursuant to Judicially Created Exceptions to the Finality Rule</u>: These limited exceptions are discussed in many cases, including (but not limited to): Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed 2d 1528 (1949); Forgay v. Conrad, 6 How. (47 U.S.) 201 (1848); Gillespie v. United States Steel Corp., 379 U.S. 148, 152, 85 S.Ct. 308, 311, 13 L.Ed 2d 199 (1964); Atlantic Federal Savings & Loan Assn. Of Ft. Lauderdale v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371 (11th Cir. 1989). Compare Coopers and Lybrand v. Livesay, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed 2d 351 (1978); Gulfstream aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 108 S.Ct. 1133, 99 L.Ed 2d 296 (1988)

2. <u>Time for Filing</u>: To be effective a notice of appeal must be timely filed. Timely filing is jurisdictional. In civil cases FRAP 4(a) and 4(c) set the following time limits:

   <u>FRAP 4(a)(1)</u>: The notice of appeal required by FRAP 3 "must be <u>filed with the clerk of the district court</u> within 30 days after the date of entry of the judgment or order appealed from; but if the United States or an officer or agency thereof is a party, the notice of appeal may be filed by <u>any party</u> within 60 days after such entry . . ." (Emphasis added) To be effective, the notice of appeal generally must be filed in the district court clerk's office within the time permitted. If a notice of appeal is mailed, it must be timely received and filed by the district court to be effective. FRAP 4(c) establishes special filing provisions for notices of appeal filed by an inmate confined in an institution, as discussed below.

   <u>FRAP 4(a)(3)</u>: "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the <u>first</u> notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period last expires." (Emphasis added)

   <u>FRAP 4(a)(5) and FRAP 4(a)(6)</u>: The <u>district</u> court has power to extend the time to file a notice of appeal. Under FRAP 4(a)(5) the time may be extended if a motion for extension if filed within 30 days after expiration of the time otherwise permitted to file notice of appeal. Under FRAP 4(a)(6) the time may be extended if the district court finds upon motion that a party has not received notice of entry of the judgment or order and that no party would be prejudiced by an extension.

   <u>FRAP 4(c)</u>: "If an inmate confined in an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a notarized statement or be a declaration (in compliance with 28 U.S.C. § 1746) setting forth the date of deposit and stating that first-class postage has been prepaid.

3. <u>Format of Notice of Appeal</u>: Form 1, FRAP Appendix of Forms, is a suitable format. <u>See also</u> FRAP 3(c).
   A single notice of appeal may be filed from a (single) judgment or order by two or more persons whose "interests are such as to make joinder practicable . . ." (FRAP 3(b))

4. <u>Effect of Notice of Appeal</u>: A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction (<u>see</u> Fed.R.Civ.P. 60) or to rule on a timely motion of the type specified in FRAP 4(a)(4)